UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF STEPHEN F. SCHAFFER,
Personal Representative of the Estate of
STEPHEN F. SCHAFFER, in care of
EVELYN J. "SUNNY" BIRKLUND,,

    Plaintiff,

    v.                                           CIV. NO. 07-804 BB/ACT

VILLAGE OF CORRALES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the County Defendants' Motion for Reconsideration filed February 14, 2008 [Doc. 32] and Plaintiff's Motion to Extend Deadline to Amend Pleadings and Join Parties filed April 14, 2008 [Doc. 40]. The Court has reviewed the pleadings and the relevant law and finds that the County Defendant's Motion for Reconsideration is not well-taken and will be denied and Plaintiff's Motion to Extend Deadline to Amend Pleadings and Join Parties is well-taken and will be granted.

Motion for Reconsideration.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). When such a motion is filed, the Court may consider it under Fed. R. Civ. P. 59(e) if it is filed within ten days of the ruling it challenges, or under Rule 60(e) if it is filed after that time period. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Here, the County Defendants

filed their Motion within ten days of the verbal Order given at the Rule 16 Scheduling Conference held on February 4, 2008.

The Court has discretion in deciding whether to grant or deny a motion for reconsideration. *Mackey v. IBP, Inc.*, 1996 WL 417513 at *2 (D. Kan. July 22, 1996) (*citing Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)). Typically, the Court recognizes any one of three grounds to warrant reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Conley v. McKune*, 2005 WL 580836 at *1 (D. Kan. Mar. 11, 2005) (*citing Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998). A motion for reconsideration is appropriate where a party demonstrates that the Court misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does, et. al*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a motion to reconsider is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* (*citing Van Skiver*, 952 F.2d at 1243). Stated differently, motions under Rule 59 are not intended to provide a litigant with an opportunity for a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

County Defendants' Motion is without merit.  Federal Rule of Civil Procedure 16(a)(1)(A) requires disclosure of witnesses' addresses and telephone numbers.  No exceptions are stated in the Rule.  It is important to also note that the individuals in question are not yet represented by counsel, therefore there is no attorney-client relationship to consider.  In addition, if the witnesses do not want to talk to Plaintiff's counsel, they are not required to do so.

<u>Motion to Extend Deadline to Amend Pleadings and Join Additional Parties</u>.

A court has discretion to grant a motion enlarging deadlines in a scheduling order when good cause is shown. Fed.R.Civ.P. 16(b)(4) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge.") Rule 16(b)(4) focuses on whether the movant could not have reasonably met the deadline despite its diligence. *See* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). See also *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154 (1st Cir. 2004).

As grounds for the Motion, Plaintiff states the following:

The parties and claims are difficult to ascertain, as the Plaintiff is relying completely upon the information submitted by Defendants in discovery, since the decedent is no longer alive to recount the events that led to his death. Prior to conducting needless depositions in this matter, Plaintiff has attempted to ascertain the claims through written discovery. Defendant Sandoval will provide their responses to discovery by no later than May 27, 2008.

Reply at 2. In addition, Plaintiff states that the County Defendants have failed to comply with the Court's order to disclose the witnesses' addresses and telephone numbers as discussed above. *Id.* at 3. The Court notes that the Local Rule 37.3 specifically states that "[a] party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered." D.N.M.LR-Civ. 37.3. The Federal Rules of Civil Procedure and the Local Rules do not contemplate a stay pending a ruling on a motion to reconsider. Thus, the County Defendants should have complied with the Court's Order after the Rule 16 Scheduling Conference held on February 4, 2008.

The Court finds that Plaintiff has shown good cause and will grant the Plaintiff's Motion to extend the deadline to amend the pleadings and join additional parties.

**IT IS THEREFORE ORDERED** that the County Defendants' Motion for Reconsideration is denied and the County Defendants will comply with the Court's Order and produce witnesses' addresses and telephone numbers within five (5) days of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Pleadings and Join Additional Parties is granted and Plaintiff will have until June 16, 2008, to amend the pleadings and add additional parties.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**