IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

IN THE MATTER OF STEPHEN F. SCHAFFER, Personal Representative of the Estate of Stephen F. Schaffer, in care of Evelyn J. "Sunny" Birklund,

        Plaintiff,

v.                             No. CIV 07-804 BB/ACT

SANDOVAL COUNTY, SANDOVAL COUNTY DETENTION CENTER, and CERTAIN JOHN DOE DEFENDANTS,

        Defendants.

MEMORANDUM OPINION
AND
ORDER PERMITTING SOME AMENDMENT UPON CONDITIONS

THIS MATTER is before the Court on Plaintiff's Motion to Amend her Complaint with Amended Complaint attached [Doc. 68]. Having considered all submissions, the Court finds the motion is well taken and will be Granted if Plaintiff is willing to forfeit her scheduled trial date.

*Background*

The original Complaint was filed on June 26, 2007, in the Thirteenth Judicial District Court for the State of New Mexico. Plaintiff's case was then removed to this Court on August 20, 2007, by Defendants Sandoval County and Sandoval County

Detention Center. On August 29, 2007, Sandoval County filed a motion to dismiss, and the other Defendants filed answers during August, September, and October of 2007. The discovery deadline was set for August 4, 2008. On April 14, 2008, Plaintiff filed a Motion to Extend Deadline to Amend Pleadings and Join Parties, which motion was granted on May 29, 2008, by the Court. The time allotted to amend the pleadings in this case was extended until June 16, 2008, and Plaintiff filed this motion on that day. Plaintiff seeks leave to file the amended complaint to add already named Defendants to new claims in the complaint and to include already named parties to previously pled claims. Based on information from discovery, Plaintiff also seeks to include other defendants in the complaint.

## *Discussion*

Under FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Unless the amendment would cause undue delay, undue prejudice motivated by bad faith or would be legally futile, amendment of the complaint should be freely allowed. *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470 (10th Cir. 1983); *Beckett ex rel. Continental Western Ins. Co. v. United States*, 217 F.R.D. 541 (D. Kan. 2003).

Plaintiff's proposed amended complaint alleges the following claims against the County Defendants: Count III alleges that the County Defendants unlawfully searched

and seized Plaintiff's decedent, Mr. Schaffer, when it purportedly failed to release Mr. Schaffer after he secured a bail bondsman and sufficient funds to be released; Count VII alleges that Plaintiff's decedent died of an undisclosed condition based on the alleged failure of the County Defendants to properly perform a medical screening on Mr. Schaffer and their alleged failure to provide him with medication in purported violation of Plaintiff's right to due process; and Count VIII alleges that Mr. Schaffer's right to equal protection was violated when the County Defendants failed to release him in a timely manner.

Defendants' response is that "[t]he Plaintiff's allegations are implausible in light of the facts of this case."  (County Defs.'s Resp. at 2).  "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural consideration, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."  *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Openshaw v. Cohen, Klingenstein & Marks*, 320 F. Supp. 2d 357 (D. Md. 2004).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Fletcher v. Tidewater Builders Ass'n*, 216 F.R.D. 584, 587 (E.D. Va. 2003).  Thus, Defendants arguments that "Plaintiff cannot establish that prison official [sic] knew of and disregarded an excessive risk to Mr. Schaffer's health or safety" (Defs.' Resp. at 5) are unavailing on a motion to amend.

This is also true as to the Equal Protection claim. This Court also cannot factually or legally evaluate Defendants' argument that "Plaintiff has no evidence to establish that any County decision maker selected or reaffirmed a particular course of action at least in part because of its adverse effects upon an identifiable group." (Defs.' Resp. at 6).

## O R D E R

For the above stated reasons, Plaintiff's Motion is GRANTED, and the Amended Complaint attached to Plaintiff's Motion may be filed within seven (7) days of this Order. Plaintiff will forfeit the scheduled trial date by filing the Amended Complaint.

SO ORDERED this 10th day of September, 2008.

_____
**BRUCE D. BLACK**
**United States District Judge**